REGAN, Judge.
Plaintiff, Julian Hess, a commercial co-partnership composed of Julian and Alvin Hess of New York City, instituted this suit against defendant, Samuel Katz, doing business in the City of New Orleans under the trade name of Katz Furniture Company, to recover the sum of $288.25, which allegedly represented the balance due on certain merchandise purchased by the defendant from plaintiff on or about March 23, 1948.
The defendant answered and pleaded payment.
From a judgment in favor of plaintiff in the sum of $13.25 and against defendant, plaintiff has prosecuted this appeal.
The record reveals that plaintiff and defendant had engaged in similar business transactions for some time, however, after an analysis of the facts, we find it unnecessary to begin recitation of the pertinent facts any earlier than the important date of December 17, 1947, at which time defendant purchased certain merchandise from plaintiff amounting to $295 less a credit of $20 leaving a net balance due plaintiff of $275, which defendant states that he paid; for the moment we shall pass on to the next transaction occurring between the parties.
In March of 1948, defendant journeyed to New York City to procure additional merchandise from plaintiff, and, during the course of their business discussions, defendant drew two checks, made payable to the order of plaintiff, in the respective amounts of $275 and $250, each check was dated March 19, 1948. Thereafter on or about *879 March 23, 1948, defendant purchased from plaintiff merchandise amounting to the sum of $538.25.
Plaintiff explains the transactions by virtue of his contention that the check, drawn to his order for $275 and dated March 19, 1948, was applied to defendant’s account in order to liquidate his indebtedness incurred as of December 17, 1947; and that the check, drawn to his order for $250, also dated March 19, 1948, was a deposit which was credited to the account of defendant to be applied against the purchase of merchandise which defendant was contemplating at the time, and which defendant did purchase on or about March 23, 1948, and which amounted to the sum of $538.25, and, therefore, there exists a present balance of $288.25 due plaintiff by defendant for this merchandise.
Defendant, in his answer filed in the court a qua, admits the purchase of merchandise from plaintiff on or about March 23, 1948, in the amount of $538.25 and the receipt thereof, and then pleads payment in full by admitting “having made a deposit (on March 19, 1948) on account of purchase on March 23rd, 1948, in the amount of $250.00, but further alleges that he later paid the balance due on said account of $288.25”, however in his brief filed with this court, and in his oral argument before this court, in support thereof, defendant now maintains that “he paid the sum of $250.00 plus $275.00 making a total payment of $525.00, leaving a balance due of only $13.-25, on the merchandise' purchased from plaintiff on March 23rd, 1948, amounting to the sum of $538.25.”
During the course of the trial on the merits in the court, a qua, defendant was interrogated by plaintiff’s counsel and admitted that he had in his possession invoices, records, receipts, cancelled checks, etc. showing payment of the purchase made on December 17, 1947, in the amount of $275 and he was then requested “to produce them in court”, to substantiate his plea of payment. Thereafter, the trial judge continued the trial, to be refixed at a later date, in order to afford defendant the opportunity of securing the aforementioned documents-and then proving payment of this indebtedness. Upon defendant’s failure to voluntarily produce these invoices, records, receipts, cancelled checks, etc., “for the period from December, 1947 to date”, plaintiff caused to be issued a writ of subpoena duces tecum and, in response thereto, defendant only produced the two cancelled checks hereinabove referred to, and which had already been introduced in evidence, together with a third cancelled check for $250, drawn to the order of plaintiff, but dated April 25, 1947, which was about eight months prior to the transaction in question of December 17,- 1947, and which defendant would have us believe was payment of this transaction.
The record is replete with the laborious endeavor of defendant to explain payment of his indebtedness to plaintiff incurred by virtue of the purchases made on December 17, 1947, and on or about March 23, 1948, and to substantiate or explain away his original plea of payment in full, but even if we should assume arguendo, the absolute validity of all of defendant’s inconsistent contentions in support of his plea of payment, the conclusions which we would be compelled to reach would do violence to the fundamental rules of simple arithmetic.
We are of the ¿opinion that defendant’s check dated March 19, 1948, drawn to the order of plaintiff for $275 was in payment of his indebtedness incurred as of December 17, 1947, and that the check also dated March 19, 1948, drawn to the order of plaintiff for $250 was a deposit on account of merchandise purchased by defendant on March 23, 1948, in the amount of $538.25, which left a balance of $288.25 due and which amount defendant has never paid to plaintiff herein.
For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from $13.25 to $288.25 and, as thus amended, it is affirmed.
Amended and affirmed.